```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION


JAMES ROBINSON, et al.,        :    NO: 1:04-CV-00844
                               :
        Plaintiffs,            :
                               :
     v.                        :    OPINION & ORDER
                               :
                               :
FORD MOTOR COMPANY,            :
et al.,                        :
                               :
        Defendants.            :


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


THE EQUAL EMPLOYMENT           :
OPPORTUNITY COMMISSION         :    NO: 1:04-CV-00845
                               :
        Plaintiff,             :
                               :
     v.                        :
                               :
                               :
FORD MOTOR COMPANY,            :
et al.,                        :
                               :
        Defendants.            :
```

This matter is before the Court on the Parties' Joint Motion to Approve Class Action Settlement (doc. 21). Also before the Court are four filed Objections to the proposed settlement (docs. 16, 17, 18, and 19) one of which was withdrawn (doc. 20).

**I. BACKGROUND**

    **A.   History of the Litigation**

This is a class action, brought by a number of named Plaintiffs on behalf of themselves and other similarly situated individuals against Ford Motor Company, Inc. (hereinafter "Ford") and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (hereinafter "UAW"). Ford and the UAW will be collectively referred to as the "Defendants" (doc. 1). The Plaintiffs, in their Complaint, sought declaratory, injunctive, and other equitable relief as well as compensatory and punitive damages, based on Ford's alleged continuing deprivation of rights accorded to themselves and members of a class of African-American Employees under the Civil Rights Act of 1871, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981 (hereinafter "Section 1981"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Michigan Elliott-Larsen Civil Rights Act of 1976, MCLA § 37.2101 et seq. (Id.).

Plaintiffs complained that Ford's testing process, the Apprenticeship Training Selection System ("ATSS") and the selection procedures used in this test, which were used to select and place individuals on Ford's apprenticeship eligibility list, denied unfairly African-Americans equal opportunity to participate in said apprenticeship program (Id.). In addition, related charges

were before the United States Equal Employment Opportunity Commission ("EEOC") filed by the Named Plaintiffs and Class Members (doc. 21). The Defendants deny liability and deny that they discriminated against class members in the apprenticeship selection (Id.).

The Court praises the Parties for their efforts in bringing this litigation to quick resolution and notes that immediately following the filing of Plaintiffs' Complaint, the Parties filed a Joint Motion for Preliminary Approval of Settlement Agreement and Provisional Class Certification (doc. 2). The Court, so as to provide all interested parties an opportunity to comment on the proposed settlement and to provide the Court with a more thorough understanding of the proposed settlement, set the matter for a Fairness Hearing (doc. 5). On February 9, 2005, the Court Granted the Parties' Motion for Preliminary Approval of Settlement Agreement and Provisional Certification of Class (doc. 11). The Class provisionally approved by the Court's Order was defined as follows:

> All current and former Ford employees of African descent who took the Apprentice Training Selection System (ATSS) test for placement as an apprentice at any Ford facility at any time from January 1, 1997 to the date of Preliminary Approval and were not placed on a Ford apprenticeship program eligibility list during the Relevant Time Period. The settlement class does not include current and former Ford employees who took the ATSS for placement as an apprentice at any facility that is now, or was at the time the test was taken, a Visteon facility.

(Id.). The Fairness Hearing was held June 1, 2005.

**B.   The Proposed Settlement Agreement**

The proposed Settlement Agreement resolves all claims raised by the Plaintiffs and the EEOC in this case and is summarized as follows:

1. Ford will immediately cease the use of the current selection procedure for choosing apprentices at Ford facilities in the U.S. (except as set forth in specific sections of the Settlement Agreement);

2. The parties will agree upon an industrial psychologist to serve as an expert to devise new apprenticeship selection procedures;

3. Ford will select 279 members of the Settlement Class and place them on the Ford apprenticeship program eligibility list. This aspect of the Settlement Agreement is designed to remedy claims for lost job opportunities;

4. To remedy monetary claims for the class, the Settlement Agreement also provides $2400 to Settlement Class Members who submit a properly executed claim and release pursuant to Section X of the Settlement Agreement, and who do not opt out; and

5. Finally, the Settlement Agreement provides for incentive payments to the Named Plaintiffs and the Charging Parties, and reasonable attorneys' fees and reimbursement of expenses agreed to by Ford.

At the Fairness Hearing held before this Court on June 1, 2005 regarding the Parties' Joint Motion for Final Approval of Settlement Agreement (doc. 22) as well as Plaintiffs' Motion for Attorneys' Fees (doc. 23), the Court heard from Counsel for all Parties. As of the June 1, 2005 hearing, there were 3424 members of the class. A number of the Named Plaintiffs were present at the

hearing.  The Court placed all Objections on the record, either by reading filed Objections in open Court or by allowing those present to state their Objections in open Court.  The Court then permitted Counsel for all Parties to respond to the Objections.  The Court asked various probing questions concerning the Proposed Settlement to which it received well-reasoned and thorough answers.  As such, the Court has been adequately briefed on the fairness of this settlement and is prepared to rule on the Parties' Joint Motion for Final Approval of Settlement Agreement (doc. 22).

**II. DISCUSSION**

    **A.**    **The Class Action Settlement**

Rule 23(a) of the Federal Rules of Civil Procedure provides that:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2)there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  The Court must consider the factors of numerosity, commonality, typicality and adequacy under Rule 23(a) and determine that the Class should be certified.

First, the individuals in the Class are so numerous that joinder of all members would be impracticable.  As noted

above, the members of the class exceed 3400. Second, there are questions of law and fact common to the Class that predominate over any questions affecting only individuals. These common questions of law and fact are listed in the Plaintiffs' Complaint (doc. 1) so the Court will not recount them here. Lastly, the claims of the Named Plaintiffs are typical of the claims of the entire Class. As such, the Court finds the requirements of Rule 23(a) are met. The Court's task now is to determine whether settlement of this class action pursuant to Rule 23 is appropriate at this time. The first issue before the Court is to decide whether the Settlement is fair, reasonable, and adequate.

### 1.  Legal standard

According to Rule 23 of the Federal Rules of Civil Procedure, court approval is required to settle a class action. Fed. R. Civ. P. 23(e).

> A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such a manner as the court directs.

Id. The law generally favors the settlement of complex class actions. Enterprise Energy Corp. v. Columbia Gas Transmission Corp., 137 F.R.D. 240, 246 (S.D. Ohio 1991); see also 2 Herbert Newberg & Alba Conte, Newberg on Class Actions, §11.41 (3d ed. 1992).

6

There are three steps which must be taken by the court in order to approve a settlement: (1) the court must preliminarily approve the proposed settlement, (2) members of the class must be given notice of the proposed settlement, and (3) after holding a hearing, the court must give its final approval of the settlement. Williams v. Vukovich, 720 F.2d 909, 921 (6th Cir. 1983); Enterprise Energy Corp., 137 F.R.D. at 245; In re Dun & Bradstreet Credit Services Customer Litigation, 130 F.R.D. 366, 369 (S.D. Ohio 1990).

Although Rule 23(e) is silent as to the standard courts should apply to approve or disapprove a proposed settlement, Parker v. Anderson, 667 F.2d 1204, 1208 (5th Cir. 1982), the standard developed by the courts is to determine whether the proposed settlement is fair, adequate, and reasonable under the circumstances, and whether the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than pursued. Bailey v. Great Lakes Canning, Inc., 908 F.2d 38, 42 (6th Cir. 1990); In re Rio Hair Naturalizer Prod. Litig., No. MDL 1055, 1996 WL 780512, at *11 (E.D. Mich. Dec. 20, 1996) (citing Manual for Complex Litigation, § 30.42 (3d ed. 1995)). The court cannot modify the proposed settlement, but must approve or disapprove the proposed settlement "as a whole" in relations to all of those concerned. See Evans v. Jeff D., 475 U.S. 717, 727

(1986); Walsh v. Great Atlantic & Pacific Tea Co., Inc., 726 F.2d 956, 965 (3d Cir. 1983); In re Rio Hair Naturalizer Prod. Litig., *supra*, at *11 ("The touchstone for final approval is the effect on the class as a whole in light of the particular circumstances. . . .").

The district court bases its preliminary approval of a proposed settlement upon its familiarity with the issues and evidence of the case as well as the arms-length nature of the negotiations prior to the settlement. In re Dun, 130 F.R.D. at 369. The Court should also determine that the settlement is neither illegal nor collusive. Vukovich, 720 F.2d at 921; In re Dun, 130 F.R.D. at 369. With such preliminary approval, the settlement is presumptively reasonable, and an individual who objects has a heavy burden of proving the settlement is unreasonable. Vukovich, 720 F.2d at 921 (citing Stotts v. Memphis Fire Dep't, 679 F.2d 541, 551, (6th Cir. 1982), *rev. on other grounds*, 467 U.S. 561 (1984)); Enterprise Energy Corp., 137 F.R.D. at 246.

Being a preferred means of dispute resolution, there is a strong presumption by courts in favor of settlement. In re Southern Ohio Correctional Facility, 173 F.R.D. 205, 211 (S.D. Ohio 1997); see also In re Rio Hair Naturalizer Prod. Litig., *supra*, at *11; Parker, 667 F.2d at 1209; Manual for Complex Litigation, § 30.42 (3d ed. 1995). Consequently, those objecting to the proposed

8

settlement have a heavy burden of proving the unreasonableness of the settlement. In re Southern Ohio Correctional Facility, 173 F.R.D. at 211.

Notice of the proposed settlement should be given to all those affected by it. Vukovich, 720 F.2d at 921; In re Dun, 130 F.R.D. at 370. All parties should be given the opportunity to consider the settlement and respond to it. Id.

The district court may give its final approval of a class action settlement if it determines that the settlement is "fair, adequate, and reasonable, as well as consistent with the public interest." Bailey v. Great Lakes Canning, Inc., 908 F.2d 38, 42 (6th Cir. 1990); see also Vukovich, 720 F.2d at 921; Enterprise Energy Corp., 137 F.R.D. at 245; In re Dun, 130 F.R.D. at 369. This is determined by examining the settlement "in its entirety and not as isolated components." Enterprise Energy Corp., 137 F.R.D. at 245. The Court is not "to determine the merits of the controversy or the factual underpinning of the legal authorities advanced by the parties." Vukovich, 720 F.2d at 921.

When determining whether the proposed settlement is fair, adequate, and reasonable, the court takes into account several factors:

> (1) the plaintiff's likelihood of ultimate success on the merits balanced against the amount and form of relief offered in settlement;
>
> (2) the complexity, expense and likely

duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the judgment of experienced trial counsel;

(5) the nature of the negotiations;

(6) the objections raised by the class members; and,

(7) the public interest.

In re Dun, 130 F.R.D. at 371 (citing Vukovich, 720 F.2d at 922); Enterprise Energy Corp., 137 F.R.D. at 245; Thompson v. Midwest Foundation Independent Physicians Association, 124 F.R.D. 154, 157 (S.D. Ohio 1988).

With these rules in mind, the Court now turns to an examination of the proposed settlement. The Court has previously made a preliminary approval of the settlement (doc. 11). In addition, the Court notes that the notice sent to the class regarding settlement of this matter was reasonable. Therefore, the Court will now proceed with an analysis of the factors involved in a determination of whether this proposed settlement is proper.

> 1. **The Plaintiffs' Likelihood of Ultimate Success on the Merits Balanced Against the Amount and Form of Relief Offered in Settlement**

Although Defendants, in their answers to the Complaint denied liability, the Parties did quickly work to negotiate a detailed settlement. Given this quick negotiation of

settlement, it could be argued that Plaintiffs' claims were likely to have succeeded. However, just because a Party decides to settle should not be viewed as an admission of liability. Additionally, there are dangers and uncertainty inherent in any litigation. It is quite possible that the Plaintiffs would not have ultimately recovered an amount equal to the settlement amount. Furthermore, proceedings would have necessitated an individual determination of damages as to each individual Plaintiff. This would have been a long and tedious process. Certainly some Plaintiffs would have received more or less than the amount in the proposed settlement. In addition, Defendants have offered something that Plaintiffs may not have obtained by a judgment of this Court - that being the immediate cessation of the current selection procedure for choosing apprentices at Ford facilities in the United States. Therefore, when balanced against one another, the Court concludes that Plaintiffs' likelihood of success on the merits is outweighed by the relief that Defendants have made available in this settlement agreement resulting in a settlement that is fair, adequate, and reasonable.

    **2. The Complexity, Expense and Likely Duration of the Litigation**

This case involves complex legal issues that for both sides to have adequately litigated would have required large expenditures. Undoubtedly, the litigation would be arduous. To delay this matter further, would not substantially benefit the

class members. Therefore, the Court concludes that this factor weighs in favor of the proposed settlement.

### 3. Stage of the Proceedings and the Amount of Discovery Completed

Prior to the Fairness Hearing, the Parties had been involved in extensive investigation into the merits of the Plaintiffs' claims and extensive settlement negotiations. This process advised the Parties of the strengths and weaknesses of their respective positions. This indicates that the Parties reached a settlement after full evaluation of the strength of their cases. The Court believes that this factor weighs in favor of a determination that this settlement is fair, adequate and reasonable.

### 4. The Judgment of Experienced Trial Counsel

The Plaintiffs' Class is represented by a number of experienced trial counsel including: Cyrus Mehri, Lisa Bornstein, and Sandi Farrell of Mehri & Skalet, PLLC; Nathaniel R. Jones and Patricia Davidson of Blank Rome, LLP; Armand Derfner of Derfner Altman & Wilborn LLC; Suzette Peyton of the Law Offices of Tom Nebel, P.C.; and Rhonda Maxwell of the Law Office of Rhonda M. Maxwell. The combined years of experience of these attorneys is substantial. Additionally, counsel for Ford, Kenneth M. Willner and Barbara Berish Brown of Paul, Hastings, Janofsky & Walker LLP and counsel for UAW, Connye Y. Harper of the Office of General

Counsel of the UAW, are experienced and talented attorneys. Lastly, a number of Counsel were involved in this matter representing the EEOC. The Court further finds the recommendation made by counsel for all Parties to approve the settlement is well informed. Accordingly, the Court recognizes the recommendation of all involved counsel and holds that this factor leans in favor of approval of the proposed settlement.

### 5. The Nature of the Negotiations

The Court notes that this settlement was reached as the result of significant and substantial arms-length negotiations. The Parties negotiated extensively for over one year. The negotiations did not reflect or suggest any collusion or illegality. Therefore, the Court determines that the nature of the settlement negotiations, as observed by the Court, lends toward a determination that the agreed proposed settlement was fair, adequate and reasonable.

### 6. Objections Raised by the Class Members

The fact that some class members object to the Settlement does not by itself prevent the Court from approving the agreement. Enterprise Energy Corp., 137 F.R.D. at 246 (citing Thompson, 124 F.R.D. at 159). In considering the extent and significance of the objections, "the Court must view the agreement in its entirety, rather than isolating individual components of the agreement for analysis." Bronson v. Bd. of Educ. of City School

13

Dist. of City of Cincinnati, 604 F. Supp. 68, 78 (S.D. Ohio 1984) (quoting Liddell v. Bd. of Educ. of City of St. Louis, 567 F. Supp. 1037 (E.D. Mo. 1983)). Also, a relatively small number of class members who object is an indication of a settlement's fairness. Newberg on Class Actions, *supra*, at § 11.48.

In this case, there were only four filed Objections (doc. 16, 17, 18, and 19) one of which was withdrawn (doc. 20). Only one individual objected in open court and his concerns, although potentially disturbing, did not relate to the matters of this case. In addition, the Court notes that when given an opportunity to object to this settlement, only four of over 3400 did so. This represents less then 0.25 percent of the entire class.

### 7. The Public Interest

Finally, the Court finds that the public interest is served by this Settlement. The Settlement is beneficial to the members of the Settlement Class. The Settlement provides substantial monetary and non-monetary benefits to the class in a timely manner, as well as extensive systemic relief. The new testing procedures will benefit not only the Class Members, but potentially also all employees and future employees of Ford.

### III. CONCLUSION

The Court has carefully reviewed all aspects of the Proposed Settlement Agreement, as well as the above noted

Objections.  Viewing the Proposed Settlement Agreement in its entirety, the Court finds that the Proposed Settlement is fair, reasonable and adequate.  Accordingly, for the reasons stated above, the Court hereby GRANTS the Joint Motion to Approve the Class Action Settlement (doc. 21).  Plaintiffs' Motion for Attorneys' Fees (doc. 22) will be decided by a separate Order of this Court.

       SO ORDERED.

Dated: June 15, 2005       /s/ S. Arthur Spiegel
                                  S. Arthur Spiegel
                                  United States Senior District Judge