```
                      UNITED STATES DISTRICT COURT
                       SOUTHERN DISTRICT OF OHIO
                           WESTERN DIVISION
```

| | | |
|---|---|---|
| JAMES ROBINSON, et al., | : | NO: 1:04-CV-00844 |
| Plaintiffs, | : | |
| v. | : | **OPINION & ORDER** |
| FORD MOTOR COMPANY, et al., | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | : | NO: 1:04-CV-00845 |
| Plaintiff, | : | |
| v. | : | |
| FORD MOTOR COMPANY, et al., | : | |
| Defendants. | : | |

This matter is before the Court on Plaintiffs' Motion in Support of Award of Attorneys' Fees and Reimbursement of Expenses (doc. 23) to which Defendants filed no written objections and in open court agreed that Plaintiffs' requests for fees and expenses is reasonable. The Court just recently addressed the issue of approval of the proposed settlement in an Order of this Court (doc. 28). Plaintiffs' Counsel seeks attorneys' fees and

reimbursement for costs and expenses pursuant to Rule 23(h) of the Federal Rules of Civil Procedure (doc. 23). Specifically, Plaintiffs' counsels seeks fees and reimbursement of expenses totaling combined $1,100,000, as well as $567,000 to cover fees and expenses associated with the implementation and monitoring of the settlement over a three to five year period (Id.). As noted above, and reiterated in Plaintiffs' Motion, Defendants neither oppose the Plaintiffs' Class Counsels' entitlement to fees nor contest the reasonableness of the award.

Plaintiffs note that the Sixth Circuit has routinely held that the "primary concern in evaluating a request for attorneys fees 'is that the fee awarded be reasonable.'" Paschal v. Flagstar Bank, 297 F.3d 431, 434 (6th Cir. 2002). One accepted means of determining the reasonableness of fees is the lodestar method. Blanchard v. Bergeron, 489 U.S. 87, 94 (1989). The United States Supreme Court has stated, in discussing the lodestar method, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); see also Paschal at 434.

However, other factors may exist which warrant the Court to adjust the fee award upward or downward, including the important factor of the "results obtained." Hensley at 434. The Supreme Court has also noted that superior legal service and

2

exceptional success are factors to suggest an enhancement of a fee award. See Blum v. Stenson, 465 U.S. 886, 899-901 (1984). In those cases where counsel have had "exceptional success" enhanced fee awards may be warranted. Hensley at 435. In the Fifth Circuit case, Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), the court enunciated twelve factors courts may consider in determining whether to adjust the lodestar amount. Id. at 717-19. The Supreme Court has found these factors useful in determining the reasonableness of a fee award. Blanchard at 93. These twelve factors include:

    1. The time and labor required;

    2. The novelty and difficulty of the questions;

    3. The skill requisite to perform the legal service properly;

    4. The preclusion of other employment by the attorney due to acceptance of the case;

    5. The customary fee;

    6. Whether the fee is fixed or contingent;

    7. Time limitations imposed by the client or the circumstances;

    8. The amount involved and the results obtained;

    9. The experience, reputation, and ability of the attorneys;

    10. The "undesirability" of the case;

    11. The nature and length of the professional relationship with the client; and

12. Awards in similar cases.

Johnson at 717-19, see also Northcross v. Bd. of Educ., 611 F.2d 624, 642-43 (6th Cir. 1979) (evaluating and refining the Johnson factors).  Plaintiffs maintain that each of the above listed factors is present in this matter (doc. 23).

As noted above, the Settlement Agreement provides for $1.1 million in attorneys' fees and expenses to compensate Class Counsel for the time and costs involved in prosecuting the claims at issue in the case up to and including the date of final approval.  See Settlement Agreement § XI.A.  Additionally, the Settlement Agreement provides for a second payment of $567,000 to cover the fees and expenses associated with the implementation and monitoring of the settlement over a three to five year period.  See Settlement Agreement § XI.B.  Also, as noted above, Defendants do not object to this award nor has any class member objected despite an explanation of the fee provisions in the Notice sent to all class members (doc. 23).

Plaintiffs comment that the total lodestar for Class Counsel at this state of the litigation is approximately $670,565.25 (Id.).  Expenses thus far total approximately $37,809,87 (Id.). Plaintiffs note that after subtracting expenses from the $1.1 million figure, the multiplier in this case - 1.58 - is reasonable when compared with fee awards previously awarded by this Court (Id.).  For example, in Brotherton v. Cleveland, 141 F.

Supp. 2d 907 (S.D. Ohio 2001), a 50% upward adjustment equivalent to about 20% of the total amount of the common fund was permitted. Id. In re Fernald Litigation, 1989 WL 267038 (S.D. Ohio, Sep. 29, 1989), 20% of the common fund or an equivalent multiplier of 5 was found reasonable. Id. at *5. Again, in a case before this Court, Basile v. Merrill Lynch, Pierce, Fenner, & Smith, Inc., 640 F.Supp 697 (S.D. Ohio 1986), a 2.78 multiplier or 25% of the common fund was determined reasonable. Id. In this case, the common fund exceeds $8 million. Based on the Settlement Agreement, Plaintiffs' attorneys' fee amounts to approximately 12% of the award to the class members. This Court has noted, "typically [in class action common fund case awards] the percentages range from 20% - 50%." In re Cincinnati Gas & Elec. Co. Securities Litigation, 643 F.Supp 148 (S.D. Ohio 1986).

The Court notes that the qualifications and skill of the attorneys in this case is impressive. Armand Derfner has spent forty years litigating civil rights cases (doc. 23). Cyrus Mehri has achieved quite favorable results in several employment discrimination class action cases (Id.). Furthermore, Nathaniel R. Jones served as a Judge of the Sixth Circuit and prior to his appointment to the federal bench was a civil rights attorney who served as General Counsel for the NAACP (Id.).

Additionally, the Court notes that the results obtained in this matter are far-reaching and notable. The

injunctive and declaratory relief provided for in the Settlement Agreement contemplates a new testing instrument to decrease adverse impact in Ford apprenticeship programs nationwide as well as provides a larger make-up of the shortfall than any other case Plaintiff is aware of (doc. 23). Valuable monetary relief has been obtained in addition to this valuable and extensive injunctive relief.

Another factor for the Court to consider is the difficulty and of the case. The issues involved in this case were complex and required exceptional skill. Class Counsel took this case on a contingency basis, involving a risk of attorney time and firm expenses. Plaintiffs contend that this case was one that few attorneys would agree to undertake, particularly on a contingency basis (doc. 23). Plaintiffs contend that had Class Counsel rejected the terms of the Settlement Agreement and proceeded to trial, the Class would likely have received a result no better, while attorneys' fees would have greatly multiplied (doc. 23).

Lastly, where the request for fees and expenses is not objected to, the decision to adjust a lodestar upward is made somewhat easier. The Settlement Agreement states: "Ford does not oppose Settlement Class Counsel's entitlement to the fee/cost awards . . ., nor does Ford contest the reasonableness of the awards." Settlement Agreement § XI.C. <u>Hensley</u> states that ideally, "litigants will settle the amount of a fee." <u>Hensley</u> at

437.  As such, the Court gives substantial weight to the Parties' negotiated fee agreement especially where, as here, the fee is entirely consistent with a reasonable fee award under controlling law and the circumstances of the case.

Accordingly, the Court hereby GRANTS the Plaintiffs' Motion in Support of Award of Attorneys' Fees and Reimbursement of Expenses (doc. 23).  The Court AWARDS $1.1 million to Class Counsel to cover fees and expenses incurred thus far and an additional $567,000.00 to cover those fees and expenses associated with the implementation and monitoring of the settlement over a three to five year period.  This award of fees and expenses shall be distributed in accordance with the Settlement Agreement.

SO ORDERED.

Dated: June 16, 2005      s/S. Arthur Spiegel
                          S. Arthur Spiegel
                          United States Senior District Judge